UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CARLOS O. GUEVARA,                                :     Civil No.:
                                                                  :
                 Plaintiff(s),        :     **NOTICE OF REMOVAL**
                                                                  :
  -against-                                          :
                                                                  :
CHRISTOPHER M. CROMMIE, BULK       :
LOGISTICS INC, and TANKSTAR USA, INC., :
                                                                  :
                 Defendant(s).     :
---------------------------------------------------------X

**TO:**  **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that defendants, CHRISTOPHER M. CROMMIE, BULK LOGISTICS INC, and TANKSTAR USA, INC., by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submit their Notice of Removal of this action from the Supreme Court of New York, County of New York, in which this action is pending, to the United States District Court for the Southern District of New York, being the district embracing the place where the action is pending. In support of their Notice of Removal, defendants state as follows:

    1.    On March 8, 2019, plaintiff filed a lawsuit in the Supreme Court of New York, County of New York, under Index No. 152495/2019. A true and complete copy of plaintiff's Summons and Verified Complaint is attached hereto and made a part hereof as **Exhibit "A"**.

    2.    Plaintiff's Summons and Verified Complaint was served on defendant, CHRISTOPHER M. CROMMIE, on June 7, 2019.

    3.    Plaintiff's Summons and Verified Complaint was served on defendant, BULK LOGISTICS INC., on June 7, 2019.

4. Plaintiff's Summons and Verified Complaint was served on defendant, TANKSTAR USA, INC., on June 7, 2019.

5. Plaintiff, CARLOS O. GUEVARA, is a resident and domiciliary of the County and State of New York.

6. Defendant, CHRISTOPHER M. CROMMIE, is a resident of the State of Wisconsin.

7. Defendant, BULK LOGISTICS, INC., is a foreign corporation with its principal place of business in Milwaukee, Wisconsin.

8. Defendant, TANKSTAR USA, INC., is a foreign corporation with its principal place of business in Milwaukee, Wisconsin.

9. This Notice of Removal is timely filed in that the Notice of Removal was filed within thirty (30) days of defendants first receiving a copy of plaintiff's Summons and Complaint. 28 U.S.C. §1446(b).

10. A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of New York, County of New York, and served on all parties as required by 28 U.S.C. §1446(d).

11. This Court has original jurisdiction over this action because there is complete diversity between the parties under 28 U.S.C. §1332(a), and this action is removable to this Court pursuant to 28 U.S.C. §1441(a)-(b).

12. There is complete diversity of citizenship between the plaintiff and the defendants in this action because the plaintiff is a resident of the County of New York, State of New York, See Exhibit A, Summons and ¶1; and defendants are foreign Corporations and/or citizens of the State of Wisconsin.

13. Furthermore, the amount in controversy is alleged to exceed $75,000, exclusive of interests, costs and attorneys fee.

**WHEREFORE**, defendants, CHRISTOPHER M. CROMMIE, BULK LOGISTICS INC, and TANKSTAR USA, INC., respectfully request that this action be removed from the Supreme Court of New York, New York County, and that this Court assume jurisdiction of this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial.

Dated: June 12, 2019
      New York, New York

Yours, etc.

RAVEN & KOLBE, LLP

By: _____
Keith A. Raven (KR-8086)
Attorneys for Defendants
CHRISTOPHER M. CROMMIE, BULK
LOGISTICS INC, and TANKSTAR USA, INC.
126 East 56th Street, Suite 202
New York, New York 10022
Tel. (212) 759-7466
Fax (212) 759-0166
File No.: 870-005-01

TO:

GUERRERO & ROSENGARTEN
Attorneys for Plaintiff
CARLOS O. GUEVARA
363 7th Avenue, 7th Floor
New York, New York 10001
Tel. (212) 777-7000
Fax (212) 505-6681

# EXHIBIT "A"

FILED: NEW YORK COUNTY CLERK 03/08/2019 11:28 AM
NYSCEF DOC. NO. 1

INDEX NO. 152495/2019
RECEIVED NYSCEF: 03/08/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

CARLOS O. GUEVARA,

                        Plaintiff,

- *against* -

CHRISTOPHER M. CROMMIE, BULK LOGISTICS INC
and TANKSTAR USA, INC.,

                        Defendants.
-----------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates
New York County as the
place of trial.

The basis of venue is the
**Plaintiff's residence**

Plaintiff resides at
152 Dyckman Street
in New York County and
State of New York

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete, if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
         March 8, 2019

Yours, etc.,

_____
Enrique Guerrero, Esq.
**GUERRERO & ROSENGARTEN**
Attorneys for Plaintiff(s)
**CARLOS O. GUEVARA**
363 7th Avenue 7th Floor
New York, New York 10001
Telephone: (212) 533-2606

**Defendants' Addresses:**

**CHRISTOPHER M. CROMMIE**
1131 Jackson Street
Easton, Wisconsin 18042

**BULK LOGISTICS INC**
2041 West Canal Street
Milwaukee, Wisconsin 53233

**BULK LOGISTICS INC**
611 South 28th Street
Milwaukee, Wisconsin 53215

**TANKSTAR USA, INC.**
611 South 28th Street
Milwaukee, Wisconsin 53215

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
CARLOS O. GUEVARA,

                         Plaintiff,                        Index No.:

       - against -                       **VERIFIED COMPLAINT**

CHRISTOPHER M. CROMMIE, BULK LOGISTICS INC
and TANKSTAR USA, INC.,

                         Defendants.
------------------------------------------------------------------X

      Plaintiff, **CARLOS O. GUEVARA**, by and through his attorneys, **GUERRERO & ROSENGARTEN**, as and for his Verified Complaint, upon information and belief, alleges the following:

1.    At all times hereinafter mentioned the Plaintiff, **CARLOS O. GUEVARA**, was and still is a resident of New York County in the State of New York.

2.    At all times hereinafter mentioned, Defendant, **CHRISTOPHER M. CROMMIE** was and still is a resident in Northampton County in the State of Wisconsin.

3.    At all times hereinafter mentioned, Defendant, **BULK LOGISTICS INC.**, principal place of business is in Milwaukee County and State of Wisconsin.

4.    At all times hereinafter mentioned, the Defendant, **BULK LOGISTICS INC.**, was a domestic not-for-profit corporation duly licensed to do business under the laws of the State of New York.

5.    At all times hereinafter mentioned, the Defendant, **BULK LOGISTICS INC.**, was a foreign corporation duly licensed to do business under the laws of the State of New York.

6.    At all times hereinafter mentioned, the Defendant, **BULK LOGISTICS INC.**, was a partnership authorized to do business in the State of New York.

7.    At all times hereinafter mentioned, the Defendant, **BULK LOGISTICS INC.**, was a franchisee authorized to do business in the State of New York.

8. At all times hereinafter mentioned, the Defendant, **BULK LOGISTICS INC.**, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

9. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, was the registered owner the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

10. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, was the titled owner the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

11. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, was the lessee of a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

12. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, was the lessor of a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

13. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated the motor vehicle bearing Wisconsin license plate number 45194X for the year 2018, registered to and owned by Defendant, **BULK LOGISTICS INC.**

14. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018, titled to and owned by Defendant, **BULK LOGISTICS INC.**

FILED: NEW YORK COUNTY CLERK 03/08/2019 Page 9 of 20 INDEX NO. 152495/2019
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 03/08/2019

Case 1:19-cv-05583-GBD Document 19 Filed 06/14/19

15. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated the motor vehicle bearing Wisconsin license plate number 45194X for the year 2018, registered to and owned by Defendant, **BULK LOGISTICS INC.**

16. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018, titled to and owned by Defendant, **BULK LOGISTICS INC.**

17. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

18. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, managed the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

19. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, maintained the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

20. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, controlled the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

21. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated and controlled the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018 with the knowledge of the Defendant, **BULK LOGISTICS INC.**

22. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated and controlled the motor vehicle bearing

Wisconsin State license plate number 45194X for the year 2018 with the permission of the Defendant, **BULK LOGISTICS INC.**

23. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated and controlled the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018 with the consent of the Defendant, **BULK LOGISTICS INC.**

24. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated and controlled the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018 within the scope of his employment with Defendant, **BULK LOGISTICS INC.**

25. At all times hereinafter alleged and on September 4, 2018, Defendant, **BULK LOGISTICS INC.**, was the registered owner of the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

26. At all times hereinafter alleged and on September 4, 2018, Defendant, **BULK LOGISTICS INC.**, was the title owner of a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

27. At all times hereinafter alleged and on September 4, 2018, Defendant, **BULK LOGISTICS INC.**, was the lessee of a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

28. At all times hereinafter alleged and on September 4, 2018, Defendant, **BULK LOGISTICS INC.**, was the lessor of a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

29. At all times hereinafter alleged and on September 4, 2018, Defendant, **BULK LOGISTICS INC.**, managed a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

30. At all times hereinafter alleged and on September 4, 2018, Defendant, **BULK LOGISTICS INC.**, maintained a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

31. At all times hereinafter alleged and on September 4, 2018, Defendant, **BULK LOGISTICS INC.**, controlled a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

32. At all times hereinafter alleged and on September 4, 2018, Defendant, **BULK LOGISTICS INC.**, supervised a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

33. At all times hereinafter mentioned, Defendant, **TANKSTAR USA, INC.**, principal place of business is in Milwaukee County and State of Wisconsin.

34. At all times hereinafter mentioned, the Defendant, **TANKSTAR USA, INC.**, was a domestic not-for-profit corporation duly licensed to do business under the laws of the State of New York.

35. At all times hereinafter mentioned, the Defendant, **TANKSTAR USA, INC.**, was a foreign corporation duly licensed to do business under the laws of the State of New York.

36. At all times hereinafter mentioned, the Defendant, **TANKSTAR USA, INC.**, was a partnership authorized to do business in the State of New York.

37. At all times hereinafter mentioned, the Defendant, **TANKSTAR USA, INC.**, was a franchisee authorized to do business in the State of New York.

38. At all times hereinafter mentioned, the Defendant, **TANKSTAR USA, INC.**, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

39. At all times hereinafter alleged and on September 4, 2018, Defendant, **TANKSTAR USA, INC.**, was the registered owner of the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

40. At all times hereinafter alleged and on September 4, 2018, Defendant, **TANKSTAR USA, INC.**, was the title owner of a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

41. At all times hereinafter alleged and on September 4, 2018, Defendant, **TANKSTAR USA, INC.**, was the lessee of a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

42. At all times hereinafter alleged and on September 4, 2018, Defendant, **TANKSTAR USA, INC.**, was the lessor of a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

43. At all times hereinafter alleged and on September 4, 2018, Defendant, **TANKSTAR USA, INC.**, managed a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

44. At all times hereinafter alleged and on September 4, 2018, Defendant, **TANKSTAR USA, INC.**, maintained a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

45. At all times hereinafter alleged and on September 4, 2018, Defendant, **TANKSTAR USA, INC.**, controlled a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

46. At all times hereinafter alleged and on September 4, 2018, Defendant, **TANKSTAR USA, INC.**, supervised a motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018.

47. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated and controlled the motor vehicle bearing

Wisconsin State license plate number 45194X for the year 2018 with the knowledge of the Defendant, **TANKSTAR USA, INC.**

48. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated and controlled the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018 with the permission of the Defendant, **TANKSTAR USA, INC.**

49. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated and controlled the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018 with the consent of the Defendant, **TANKSTAR USA, INC.**

50. At all times hereinafter alleged and on September 4, 2018, Defendant, **CHRISTOPHER M. CROMMIE**, operated and controlled the motor vehicle bearing Wisconsin State license plate number 45194X for the year 2018 within the scope of his employment with Defendant, **TANKSTAR USA, INC.**

51. That at all times hereinafter mentioned, the location of 495I eastbound of the Long Island Expressway at or where it intersects with Douglaston Parkway, in the County of Queens and State of New York, was and still is a public roadway/highway and/or area accessible to the public and is used extensively by the public in general.

52. That on September 4, 2018 and at all times hereinafter, Plaintiff, **CARLOS O. GUEVARA**, was a lawful restrained operator of a certain motor vehicle.

53. That on September 4, 2018 and at all times hereinafter, Plaintiff, **CARLOS O. GUEVARA**, was a lawful restrained operator of a certain motor vehicle bearing New York State license plate number FPP7569 for the year 2018 when the collision occurred.

54. That on September 4, 2018, the aforesaid Defendants' motor vehicle came into contact with, hit, collided with and violently, suddenly and unexpectedly struck Plaintiff's motor vehicle,

which was operated by Plaintiff, **CARLOS O. GUEVARA**, a lawful and restrained driver, at the aforesaid location.

55. That at the aforesaid location, on September 4, 2018, the aforesaid motor vehicles were in collision.

56. That at the aforesaid location, on September 4, 2018, Defendants' motor vehicle came into contact with, hit, collided with and violently, suddenly and unexpectedly struck Plaintiff's motor vehicle, operated by Plaintiff, **CARLOS O. GUEVARA**, by the sole reason of negligence, carelessness and recklessness of Defendants, individually and/or jointly their agents, servants, contractees, licensees and/or employees, without any negligence on the part of Plaintiff contributing thereto.

57. Plaintiff, **CARLOS O. GUEVARA**, was caused to sustain serious personal injuries solely as a result of the negligence of Defendants, **CHRISTOPHER M. CROMMIE, BULK LOGISTICS INC. and TANKSTAR USA, INC.** individually and/or jointly, their agents, servants, contractees, licensees and/or employees, in the ownership, operation, control, management, maintenance, repair; and supervision of their motor vehicle, without any negligence on the part of any and all Plaintiff, **CARLOS O. GUEVARA**, contributing thereto.

## AS AND FOR A FIRST CAUSE OF ACTION

58. Plaintiff, repeats, realleges, reiterates and incorporates by reference each and every allegation contained in paragraphs "1" through "57" above with the same force and effect as though more fully set forth at length herein.

59. That at all times hereinafter alleged, at the aforesaid location, Plaintiff, **CARLOS O. GUEVARA**, was a lawful and restrained operator.

60. That at all times hereinafter alleged, the motor vehicle in which Plaintiff, **CARLOS O. GUEVARA**, was a lawful and restrained operator, was violently, suddenly and unexpectedly struck by Defendants, **CHRISTOPHER M. CROMMIE,**

**BULK LOGISTICS INC. and TANKSTAR USA, INC.**s' motor vehicle at the aforesaid location.

61. That at all times hereinafter alleged, the motor vehicle in which Plaintiff, **CARLOS O. GUEVARA**, was a lawful and restrained driver, was violently, suddenly and unexpectedly struck by the aforesaid Defendants' motor vehicle at the aforesaid location, without any fault, want of care, culpable conduct or negligence on the part of Plaintiff contributing thereto.

62. The aforesaid occurrence was caused wholly and solely reason of the negligence, carelessness and recklessness of the Defendants, **CHRISTOPHER M. CROMMIE, BULK LOGISTICS INC. and TANKSTAR USA, INC.** individually and/or jointly, their agents, servants and/or employees in the ownership, operation, maintenance and control of their motor vehicle, without any negligence, carelessness or recklessness on the part of the Plaintiff contributing thereto.

63. That by reason of the foregoing and the negligence of Defendants, **CHRISTOPHER M. CROMMIE, BULK LOGISTICS INC., and TANKSTAR USA, INC.** Plaintiff, a lawful and restrained operator was caused to sustain serious personal injuries solely as a result of the negligence of Defendants, individually and/or jointly their agents, servants, contractees, licensees and/or employees, in the ownership, operation, control, maintenance, management, repair and supervision of their motor vehicle, without any fault of negligence on the part of Plaintiff contributing thereto.

64. Defendants, **CHRISTOPHER M. CROMMIE, BULK LOGISTICS INC. and TANKSTAR USA, INC.** were negligent, careless and reckless in the ownership, operation, control, maintenance, management, repair and supervision of their motor vehicle, and in violation of the applicable laws, statutes, rules, regulations, codes and ordinances of the County of Queens and State of New York; the Vehicle and Traffic Laws of the State of New York; the Traffic Rules of the County of Queens, Department of Transportation, along with all other

applicable laws, statutes, rules, regulations, codes and ordinances that the Court will take judicial notice of at the time of trial.

65. That by reason of the foregoing, and the negligence, carelessness and recklessness of the Defendants, Plaintiff has sustained a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York, and economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

66. The limitations of liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more exceptions set forth in CPLR Section 1602.

67. That by reason of the foregoing, and the negligence, carelessness and recklessness of the Defendants, this Plaintiff sustained personal injuries to and about his head, limbs, spine and body.

68. That solely by reason of the aforesaid, the Plaintiff became sick, sore, lame and disabled, suffered, and still suffers and will continue to suffer for some time to come, great mental and physical pain, mental anguish and bodily injuries; that Plaintiff has been informed and verily believes that future suffering will exist and will be permanent with permanent pain, discomfort, inconvenience and other symptoms, signs and effects.

69. That solely by reason of the aforesaid, this Plaintiff was obliged to undergo medical care and treatment and will be obliged to undergo further care and treatment for some time to come.

70. That solely by reason of the aforesaid, this Plaintiff was unable to attend to said Plaintiff's usual duties and occupation for some time and, upon information and belief, said Plaintiff will be unable to do so or limited from doing so permanently or for some time in the future.

71. That solely by reason of the aforesaid, this Plaintiff, **CARLOS O. GUEVARA**, has incurred medical expenses, loss of income and other expenses and, upon information and belief, said Plaintiff will continue to incur such expenses permanently or for some time in the future.

72. By reason of the foregoing the Plaintiff, **CARLOS O. GUEVARA**, sustained serious and severe permanent and personal injuries and damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
       March 8, 2019

Yours, etc.,

Enrique Guerrero, Esq.
**GUERRERO & ROSENGARTEN**
*Attorneys for Plaintiff(s)*
**CARLOS O. GUEVARA**
363 7th Avenue 7th Floor
New York, New York 10001
Telephone: (212) 533-2606

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK)
                 )ss.:
COUNTY OF NEW YORK)

CARLOS O. GUEVARA, being duly sworn, deposes and says:

That I am the plaintiff in the within action.

I have read the foregoing COMPLAINT and know the contents thereof; that the same is true to the best of my knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

Dated: New York, New York
8th day of March, 2019

X _____
CARLOS O. GUEVARA

Sworn to before me this
8th day of March, 2019

AUSTIN RYAN LANDI?
Notary Public, State of New York
No. 01LA6322832
Qualified in Bronx County
Commission Expires April 13, 2019

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CARLOS O. GUEVARA,

               Plaintiff(s),

   against,

CHRISTOPHER M. CROMMIE, BULK LOGISTICS INC
and TANKSTAR USA, INC.,

               Defendant(s).

SUMMONS AND VERIFIED COMPLAINT

GUERRERO & ROSENGARTEN
Attorneys for Plaintiff
363 Seventh Avenue, 7th Floor
New York, NY 10001
Tel: (212) 777-7000
Fax: (212) 505-6681

## AFFIDAVIT OF SERVICE BY ECF AND MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK  )

Nelida M. Lamboy-Perez, being duly sworn, deposes and says:

That she is an employee in the office of RAVEN & KOLBE, LLP, attorneys herein; that deponent is not a party to the action or proceeding, is over eighteen (18) years of age, and resides in New York; and, that on June 14, 2019, she served the within copy of the **NOTICE OF REMOVAL AND EXHIBIT** upon:

> GUERRERO & ROSENGARTEN
> 363 7th Avenue, 7th Floor
> New York, New York 10001

by depositing a true copy of the same securely in a postpaid wrapper, in a Post Office Box regularly maintained by the United States Government directed to the above-mentioned parties at their respective address above, that this being the address within the State designated by them for the purpose upon the preceding papers in this action or the place where they then kept an office, between which place, there then was and now is a regular communication by mail.

_____
NELIDA M. LAMBOY-PEREZ

Sworn to before me this
14th day of June, 2019

_____
Lorna Rodney
Notary Public, State of New York
No. 01R05056568
Qualified in Kings County
Commission Expires 3-4-22